# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| PARIS BARNES *a/k/a* RICKY MCGRIFF, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CV417-252 |
| ) | |
| JANE DOE – CHATHAM COUNTY ) | |
| DETENTION CENTER; ) | |
| JOHN DOE – CHATHAM ) | |
| COUNTY DETENTION CENTER ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Paris Barnes has filed this 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs while he was confined at Chatham County Detention Center (CCDC). *See* Doc. 1. The Court granted Barnes' request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 4 & 5. The Court now proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79

On January 14, 2016, Barnes alleges that his "shoulder and back" were "injured." Doc. 1 at 5. He so informed the CCDC officers on shift and requested medical care, but Officer "Robinson" allegedly "refused [Barnes] medical treatment by not notifying medical of [his] medical needs." *Id*. Barnes asserts he was subsequently taken to the medical department three times but was denied treatment and sent back to his unit each time because he was deemed a "nuisance". *Id*. (explaining that staff believed he was "faking it"). For three weeks, Barnes apparently went unexamined and uncared for. *Id*.

On February 8, 2016, Barnes was finally taken to the medical department where an x-ray revealed that he had a dislocated shoulder. Doc. 1 at 5-6. A "Dr./P.A. Monk" then "gave the order for [Barnes to] be taken to the hospital," made a "sarcastic remark regarding [Barnes'] condition," then "walk[ed] out with no regards." *Id*. at 6. Barnes' injured back was purportedly never examined. *Id*. at 5. He seeks "quintative," punitive, and "[]compensatory" damages for his troubles. *Id*. at 7.

---

(11th Cir. 2001), allegations in Barnes' Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

An inmate must exhaust administrative remedies before filing a § 1983 action challenging prison conditions. 42 U.S.C. § 1997e(a); *Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008). Section 1997e(a)'s exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The failure to exhaust is an affirmative defense, however, and inmates are not *required* to specially plead or demonstrate exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). But the normal pleading rules still apply: when it is clear from the face of the Complaint that a prisoner cannot state a claim for relief, dismissal at screening is appropriate. *Cole v. Secretary, Dep't of Corr.*, 451 F. App'x 827, 828 (11th Cir. 2011) ("[A] complaint may be dismissed under § 1915A(b) if lack of exhaustion appears on the face of the complaint."); *see Dollar v. Coweta County Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). In other words, when a prisoner's Complaint establishes that he has made no effort to exhaust his available administrative remedies, the Court must dismiss the Complaint at screening. *See Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007); *Cole v. Ellis*, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010); *Rashid v. Liberty County Jail*, 2010 WL 3239241, at

\*1 n.1 (S.D. Ga. May 3, 2010).

Here, it is apparent from the face of the Complaint both that a grievance procedure is available and that Barnes did not file any grievances related to his claim of deliberate indifference to his medical needs prior to filing this lawsuit. Doc. 1 at 3. He admits that he did *not* "present the facts relating to [his] complaint to the appropriate grievance committee." *Id.*[2] As discussed, exhaustion is mandatory, and there is no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The Complaint should therefore be **DISMISSED without prejudice** on nonexhaustion grounds.

Meanwhile, it is time for Barnes to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0.00, doc. 5, Barnes does not owe any initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds

---

[2] Barnes' Complaint centers around his alleged denial of medical treatment at CCDC, but he has since been transferred to Augusta State Medical Prison. *See* doc. 1 at 3. The fact that Barnes ultimately wound up in, and filed this case from, a different facility does not excuse his failure to exhaust administrative remedies before commencing this case. *See, e.g., Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008) (even when transferred to another facility, "Georgia prisoners must file out-of-time grievances to exhaust administrative remedies."); *Prickett v. Lawson*, 2008 WL 5046063, at \*2 (S.D. Ga. Nov. 24, 2008) (collecting cases illustrating that the transfer of a prisoner from the facility where the grievance subject arose to another facility does not excuse the prisoner from complying with the first facility's exhaustion requirement).

exist"). His custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Barnes' account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Barnes' new custodian. The balance due from Barnes shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this __22nd__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA